# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

BARI FRANKLIN, )
 )
       Plaintiff, )
 )
       v. )       No. 4:21-cv-01186-JCH
 )
ST. LOUIS CITY POLICE DEPARTMENT )
JUSTICE CENTER, et al., )
 )
       Defendants. )

## MEMORANDUM AND ORDER

Before the Court is the application of self-represented plaintiff Bari Franklin, an incarcerated person at Missouri Eastern Correctional Center, to proceed in the district court without prepaying fees or costs. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon an initial review of the complaint, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the application and in the ledger from the Missouri Department of Corrections, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should

construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### The Complaint

Plaintiff brings this claim pursuant to 42 U.S.C. § 1983 against defendants the "St. Louis City Police Dept. Justice Center" and the St. Louis City Sheriff. Plaintiff alleges he caught the COVID-19 virus in 2020 while housed at the St. Louis City Justice Center. For his statement of claim, plaintiff alleges, in full, the following:

> This is in regards to me catching COVID-19 Cor[o]na in St. Louis Justice Center because they did not want to [quarantine] correctly because they had people that had it in the same wing I still ain[']t right from having can[']t taste food It messed with me mentally. I could [have] lost my life medical staff did nothing. It messed with me mentally, physically, emotionally could [have] lost my life. I was in 4-C and 2020.

> For relief, plaintiff seeks $300 million and "500 stocks in various compan[ies]."

### Discussion

Plaintiff's case is subject to dismissal for failure to state a claim upon which relief can be granted. To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. *See* 42 U.S.C. § 1983.

Plaintiff's claim against the "St. Louis City Police Department Justice Center," which the Court construes as either the St. Louis City Police Department or the St. Louis City Justice Center, and the St. Louis Sheriff's Office must be dismissed because these entities are departments of a municipality. The Police Department, Justice Center, and Sheriff's Office are departments or

-3-

subdivisions of local government, and not a juridical entities, suable as such. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"); *see also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

Additionally, the St. Louis Sheriff's Office is responsible for the security of the courtrooms of the Twenty-Second Judicial Circuit Court in St. Louis, Missouri and serves court papers and eviction notices. *See* Sheriff's Office, https://www.stlouis-mo.gov/government/departments/sheriff/index.cfm (last visited Apr. 22, 2022). The Sheriff's Office is not involved in the administration of the St. Louis City Justice Center.

Plaintiff has not identified any individual at either the Justice Center or within Police or Sheriff's Department that deprived him of his federal rights. Because plaintiff cannot state a cognizable claim against defendants St. Louis City Justice Center, St. Louis City Police Department, or the St. Louis City Sheriff's Office under § 1983, the case will be dismissed on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty days of the date of this Order. Plaintiff is instructed to make his remittance payable

to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

       **IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED without prejudice**.

       **IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 3]

       An Order of Dismissal will accompany this Memorandum and Order.

       Dated this 22nd day of April, 2022.


/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE